**Charlie B. BROWN, Petitioner-Appellant,**

**v.**

**Louie L. WAINWRIGHT, Director, Division of Corrections, State of Florida, Respondent-Appellee.**

**No. 74–1015**

**Summary Calendar.***

United States Court of Appeals,
Fifth Circuit.

June 7, 1974.

---

* Rule 18, 5 Cir.; see Isbell Enterprises, Inc. v. Citizens Casualty Company of New York et al., 5 Cir., 1970, 431 F.2d 409, Part I.

* Rule 18, 5 Cir., see Isbell Enterprises, Inc. v. Citizens Casualty Company of New York et al., 5 Cir., 1970, 431 F.2d 409.

Charlie B. Brown, pro se.

Robert Olian, Asst. Atty. Gen., Miami, Fla., for respondent-appellee.

Before BELL, SIMPSON and MORGAN, Circuit Judges.

PER CURIAM:

This appeal by a Florida state prisoner involves, in essence, two petitions for habeas corpus relief. The first rested on a bare claim of denial of a speedy trial under the Sixth Amendment coupled with a claim *in extenso* of a violation of the Florida rule on the subject, Rule 3.191, Fla.R.Cr.P., 33 F.S.A. Appellant had exhausted his available state remedies as to the Florida rule claim without success. The district court denied relief on the merits and we affirm as to the Florida point.

 Then on a petition for rehearing in the district court, appellant amplified his position that he had been denied his federal constitutional right to a speedy trial. The district court pointed out in its initial order denying relief that appellant had made no effort to state a claim within the contemplation of the teaching of Barker v. Wingo, 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972). The district court denied reconsideration. We view the petition for reconsideration as being in the nature of

an additional habeas petition stating a claim based on the federal right to a speedy trial. Appellant particularly sets out allegations of prejudice from the delay. Ordinarily an evidentiary hearing would be required in the development of the factors to be considered under Barker v. Wingo, *supra*, but we find from the record that this claim has not been exhausted in the Florida state courts. Appellant must exhaust his Florida remedies as a condition precedent to federal relief.

In sum, we affirm the denial of relief under the original petition. Treating the petition for reconsideration as an additional petition, we vacate and remand for dismissal on the ground of failure to exhaust state remedies.

Affirmed in part; vacated and remanded in part.